SUMMARY ORDER

Petitioner Waly Gako, a native and citizen of Mauritania, seeks review of a May 2, 2008, order of the BIA, affirming the January 3, 2007, decision of Immigration Judge (“IJ”) Noel Anne Ferris denying petitioner’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Waly Gako, No. A97 976 549 (B.I.A. May 2, 2008), aff'g No. A97 976 549 (Immig. Ct. N.Y. City, Jan. 3, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
As a preliminary matter, we find that Gako’s argument that the IJ failed to make an “explicit credibility finding” as required by our decision in Diallo v. INS, 232 F.3d 279, 290 (2d Cir.2000), is without merit. We recently clarified that our concern in Diallo was that “vague, unclear, and passing statements” by the IJ with respect to credibility, along with the agency’s failure to “make the ultimate conclusion that the entirety of the testimony suffers from a lack of credibility” frustrates our review. Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008); Diallo, 232 F.3d at 287. Here, because the IJ cited specific reasons for her doubts as to Gako’s credibility, and the BIA expressly affirmed the IJ’s adverse credibility determination, we consider the agency to have made an “explicit credibility finding.” Zaman, 514 F.3d at 237; Diallo, 232 F.3d at 287, 290.
We further find that the IJ’s adverse credibility determination is supported by substantial evidence. The IJ found that Gako was not credible based on his “inconsistent,” “changed,” and “vague” *443 testimony, specifically noting his inconsistent and “confused” testimony about his identity documents as well as the lack of evidence corroborating his claim.
Gako provided internally inconsistent testimony with respect to his national identity card, stating at one point that he did not bring the national identity document to the Asylum Office during his interview, but later stating that he had. While this discrepancy may not relate to the heart of his claim, proof of identity is paramount in asylum proceedings, see Borovikova v. U.S. Dep’t of Justice, 485 F.8d 151, 157-58 (2d Cir.2006). Moreover, the IJ noted numerous other problems with Gako’s testimony, such as conflicting accounts of how his father died and how he escaped Mauritania. We have held that “even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder.” Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted). Here, it was proper for the IJ to rely on these discrepancies in the record in making her adverse credibility determination.[2] Id.
Further, the IJ also expressed concern that Gako relied on a birth certificate instead of a national identity document to prove his identity, and he acquired the birth certificate years after arriving in the United States. While Gako explained that his uncle had sent his birth certificate to him from France, the IJ properly expressed concern about Gako’s inability to corroborate this claim. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). Here, where Gako’s identity had already been called into question because of his inconsistent testimony, Gako’s inability to corroborate his claim that his uncle had recently sent him his birth certificate from France supported the IJ’s adverse credibility determination. Id. In this same vein, the IJ noted that Gako had not provided affidavits from his mother, brother, or the people he had allegedly stayed with in Mali. Of equal, if not greater importance to the IJ’s decision was Gako’s lack of corroboration of the major land seizure in 2000 and the 3000-person protest that allegedly led to his arrest. Because Gako’s credibility had already been called into question because of his “inconsistent,” “changed,” and “vague” testimony, specifically with respect to his identity documents, the IJ properly relied on his failure to corroborate any key aspect of his claim. Id.
Taken together, all of these deficiencies in Gako’s testimony provided substantial evidence in support of the IJ’s adverse credibility determination, and her denial of Gako’s application for asylum was therefore proper. 8 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d at 95. Based on our disposition of this petition, we do not address the IJ’s alternative suggestion that the country conditions in Mauritania had changed.
Finally, inasmuch as Gako based his withholding of removal and CAT claims on the same factual predicate as his asylum claim, and the IJ properly found that such claim lacked credibility, her withholding of *444 removal and CAT claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. We have found that where "an applicant’s testimony is otherwise credible, consistent and compelling, the agency cannot base an adverse credibility determination solely on a speculative finding that the applicant has submitted inauthentic documents in support of his application.” Niang v. Mukasey, 511 F.3d 138, 141 (2d Cir.2007). Here, however, the IJ's finding with respect to Gako's identity documents was not speculative, and the numerous other problems that she highlighted in the record indicate that he was not "otherwise credible.”